<u>*EXHIBIT A to Plea Agreement in Case 1:26-cr-10004-PGL*</u>

UNITED STATES OF AMERICA

OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION

| | |
|---|---|
| SECRETARY OF LABOR,<br>United States Department of Labor,<br><br>Complainant,<br><br>v.<br><br>JOHN OLIVEIRA & SONS STAMP CONCRETE, INCORPORATED/<br>OLIVEIRA BROTHERS MATERIALS, INCORPORATED,<br><br>Respondent. | OSHRC <u>DOCKET NO. 23-1865</u><br><br>REGION I<br><br>INSPECTION NO. 1695934 |

## STIPULATED SETTLEMENT AGREEMENT

Complainant and Respondent (collectively, the "Parties") agree to resolve this matter without the necessity of further pleadings as described in this Agreement.

(1) The Parties acknowledge and agree that:

    a. Respondent was issued Serious Citation 1, Items 1 and 2, Willful Citation 2, Items 1, 2, and 3, and Other-than-Serious Citation 3, Item 1 for alleged violations of the Occupational Safety and Health Act of 1970, <u>29 U.S.C. §651</u>, *et seq.*, ("Act"), as well as a notice of proposed penalty for the cited item;

    b. Respondent submitted a Notice of Contest contesting the cited item, and the proposed penalty;

    c. The Notice of Contest was filed with the Occupational Safety and Health Review Commission ("Commission");

    d. Respondent is an employer under Section 3(5) of the Act; and

    e. Jurisdiction of this proceeding is conferred upon the Commission by Section 10(c) of the Act.

(2) The Parties agree as follows:

a. Serious Citation 1, Items 1 and 2 are grouped into an affirmed Serious Citation 1 and the associated penalty is amended to $0.00.

b. Willful Citation 2, Item 1 is affirmed as issued and the associated penalty is amended to $0.00.

c. Willful Citation 2, Items 2 and 3 are grouped into an affirmed Willful Citation 2, Items 2a and 2b, affirmed as amended, and the associated penalty is amended to $0.00.

d. Other-than-Serious Citation 3, Item 1 is affirmed as issued and the associated penalty is amended to $0.00.

(4) As amended, the total penalty for the affirmed cited item(s) is $0.00. The parties note that, as part of settling related matter(s), Respondent agreed to make payments to the victim's family, including restitution.

(6) Respondent agrees to take the following actions

Fall Protection:

a. Within 30 days after the date on which this Agreement is executed, Respondent shall develop and implement a written work rule prohibiting employees from riding and/or being elevated up with the excavator bucket. Respondent shall provide training to all employees regarding the written work rule and the excavator's operator's manual. Respondent will document the written work rule and training and provide that documentation to OSHA upon request.

b. Within 30 days after the date on which this Agreement is executed, Respondent shall develop and implement a written work rule for all work performed on equipment or at the facility over 4 feet in height and require employees to utilize fall protection systems to protect employees from fall hazards. Respondent will provide fall protection training to all employees. Respondent will document the written work rule and training and provide that documentation to OSHA upon request.

Soil Screener Machine:

a. Within 30 days after the date on which this Agreement is executed, Respondent shall fix, repair, or dispose of the soil screener machine involved in Inspection No. 1695934. Respondent shall develop a comprehensive maintenance plan for any screener machine(s) to ensure all mechanisms work as originally designed and intended. Respondent shall

develop a comprehensive inspection plan to ensure all soil screener machine(s) are properly maintained at the intervals suggested and recommended by the manufacturer. If Respondent decides to retain and repair the soil screener involved in Inspection No. 1695934, Respondent shall ensure that the soil screener manufacturer representative or qualified person visit Respondent's facility to perform a comprehensive review and evaluation of the soil screener machine prior to allowing employees to operate the machine, including review of all of its functions and operations. Respondent will document either the disposal of the soil screener machine or the comprehensive evaluation, inspection, and maintenance and repair plan for the soil screener machine. Respondent shall provide that documentation to the OSHA Boston South Area Director within 35 days after the date on which this Agreement is executed.

Lock-out/Tag-Out:

a. Within 30 days after the date on which this Agreement is executed, Respondent shall develop and implement energy control procedures for any and all equipment in accordance with OSHA's lock-out/tag-out (LOTO) regulations contained in 29 CFR 1910.147. The employer shall provide appropriate LOTO isolating devices to ensure employees can properly lock out and isolate machinery prior to performing maintenance. Respondent shall provide LOTO training to all authorized and affected employees. Respondent will document the LOTO procedures and employee training and provide that documentation to OSHA upon request.

b. Within 30 days after the date on which this Agreement is executed, Respondent agrees to contact the OSHA Consultation Service, or an equivalent qualified entity to arrange a comprehensive safety and health inspection of the worksite to include an evaluation of the facility's LOTO program and preventive maintenance program. Respondent shall notify the OSHA Boston South Area Office once the inspection is scheduled and provide a copy of the Employer Acknowledgement Form or other confirmation from the consultant that the review of Respondent's LOTO program has begun.

c. Within 30 days after the date on which this Agreement is executed, Respondent shall begin conducting formal evaluations of an authorized employee performing Lock Out Tag Out (LOTO) at least on a monthly basis, to continue monthly three-month period. After three months, Respondent may reduce the frequency to meet the annual requirement under OSHA 29 CFR 1910.147(c)(6)(i). Respondent will document each evaluation and provide that documentation to OSHA upon request.

    d.  Within 30 days after the date on which this Agreement is executed, Respondent shall develop and implement a new employee orientation checklist to ensure that all new employees have the required LOTO training needed to safely perform their assigned job duties prior to being assigned to their designated work area. This checklist shall include all applicable safety and health topics required for the position assigned. Respondent will provide this checklist to OSHA upon request.

Review of Machinery/Equipment:

    e.  Within 30 days after the date on which this Agreement is executed, Respondent shall develop and implement a Change Management procedure for all new or used machinery/equipment. This process will include input from management and affected trades (e.g., safety, maintenance, electricians, operators) to ensure compliance with OSHA standards prior to operation (e.g., proper guarding, appropriate use). Respondent will provide the Change Management procedure to OSHA upon request.

Recordkeeping:

    f.  Within 30 days after the date on which this Agreement is executed, Respondent shall complete an OSHA 300 form for calendar year 2023. Respondent will provide the completed 2023 OSHA 300 form to OSHA upon request.

(7)    Each cited item is deemed amended to include abatement measures, including the action(s) to be taken by Respondent as described above, which may sometimes be referred to as "enhancement(s)." The abatement measure(s) described in this Settlement Agreement are incorporated as terms and abatement conditions of this Settlement Agreement. Failure to timely abate and/or certify abatement of the citation items or comply with any provision of this Agreement is grounds for notice of failure to abate under Section 10(b) of the OSH Act, 29 U.S.C. § 659(b), to the same extent as if these measures had been set forth from the outset in the Citations issued in this matter.

(10)    For each cited item applicable in this Agreement, Respondent certifies that the violation alleged has been abated or will be abated by the abatement date shown on the Citation for that item or as otherwise specified in this Agreement, whichever is later.

    a.  For each such item, Respondent will submit to the issuing Area Director at the address below an Abatement Certification as required by 29 C.F.R. § 1903.19(c). A sample Abatement Certification is enclosed.

4

   b. This certification shall be submitted within 30 days after the date on which this Agreement is executed or within 10 days after the applicable abatement date, whichever is later.

   c. Respondent agrees to submit such abatement documentation as is required by 29 C.F.R. § 1903.19(d).

 (11) Respondent certifies that this Agreement has been posted to provide notice to employees by posting both the Agreement and the enclosed Notice to Employees in a place where the Citation(s) were required to be posted on *January 29, 2026*, in accordance with Commission Rules 7 and 100.

 (12) Respondent certifies that there is no authorized employee representative at Respondent's workplace, OR Respondent certifies it has given this Agreement to employees represented by an authorized representative _____N/A_____, by serving a copy on _____ by (check one) ____ first class mail or ____ personal delivery, on _____, in accordance with Commission Rules 7 and 100.

 (13) Respondent withdraws its notice of contest, and agrees that the Citation(s), penalties, and abatement measures (as set forth and amended herein by this Agreement) shall become a final order of the Commission on the same date that the Order Terminating Proceeding becomes a final order, as set forth in the Notice of Docketing issued by the Executive Secretary of the Commission.

 (14) Each party agrees to bear its own fees and other expenses incurred by it in connection with any stage of this proceeding.

 (15) Respondent will not chill the exercise of any person's rights under Section 11(c)(1) of the Act and will not violate the provisions of Section 11(c)(1) of the Act by discriminating against, interfering with, restraining, or coercing any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act or has testified or is about to testify in any such proceeding or because of the exercise by such employee on behalf of himself or other of any right afforded by this Act.

 (16) Respondent will use the following address to provide documents to the OSHA Area Office and/or issuing Area Director:

   James Mulligan
   Area Director
   OSHA - Boston South Area Office
   639 Granite Street, Floor 1
   Braintree, MA 02184
   Mulligan.James@dol.gov

EXECUTED BY:

On behalf of Respondent, John Oliveira &
Sons Stamp Concrete, Incorporated/
Oliveira Brothers Materials,
Incorporated,

_____
Name and Title

33 Middleboro Road,
East Freetown, MA 02717

Date: JANUARY 29, 2026

On behalf of Complainant,
Secretary of Labor:

_Rachel Culley_
_____
Rachel A. Culley
Senior Trial Attorney
culley.rachel.a@dol.gov

United States Department of Labor
Office of the Solicitor
JFK Federal Building, Room E-375
Boston, MA 02203

Date: January 29, 2026

6