UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


| | | |
|---|---|---|
| UNTIED STATES OF AMERICA, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| JOHN OLIVEIRA & SONS STAMP | ) | |
| CONCRETE, INC. | ) | DOCKET NO. 0101 1:26CR10004-1 |


**DEFENDANT'S MEMORANDUM REGARDING RESTITUTION**


Now comes the Defendant, John Oliveira & Sons Stamp Concrete, Inc. and requests that this Honorable Court accept the joint recommendation of the parties regarding the Restitution Order set forth in the parties' previous pleadings and adopted into the Probation Officer's Presentence Report.

In support of that position, the Defendant states as follows:

1. The statutory basis for accepting the parties' joint recommendation for criminal restitution is twofold:

    a. Pursuant to 18 U.S.C. 3663A(c)(1)(B), a restitution order for "lost income" may be imposed since the victim here suffered a bodily injury; and

    b. As to the amount of the restitution, 18 U.S.C. 3663(a)(3), provides that "The court may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement."

2. In a case where an offense results in bodily injury to a victim, the order may require the defendant to reimburse the victim for income lost resulting from the offense. U.S. v. Coleman, No. CR 19-10113-FDS, 2023 WL 2541089, at*32; (D. Mass. March 15, 2023).

3. In Coleman, Judge Saylor issued an order for lost earnings in the amount of $50,000 in a death case. In making the order, the Court thoughtfully explained, "[t]o be clear, that is not the value of her life, which of course is priceless; rather it is a projection of that portion of her lost income that was likely to have been available to her daughter had she not been killed."

4. Judge Saylor's decision in <u>Coleman</u> is consistent with the restitution statute and with cases from other jurisdictions involving the calculation of lost income damages in criminal restitution involving deceased victims. Courts have consistently explained that statutory criminal restitution is distinct and much more circumscribed than the damages that are more generally available in a civil case:

   - <u>Unites States v. Singh</u>, 1-15 CR 00212-AWI, 2016 WL 3407609 (E.D.C.A. June 20, 2016): "The permissible scope of restitution does not include all of the types of injury; restitution unlike civil damages - cannot include intangible harms like pain and suffering or emotional distress." *citing* <u>U.S. v. Fu Sheng Kuo</u>, 620 F.3d 1158, 1166 (9th Cir. 2010)

   - <u>United States v. Vasquez</u>, No. 3:11 CR-00026-BR, 2012 WL 3011010 (D.OR July 20, 2012): "It is undisputed that the Court lacks authority to award restitution for noneconomic damages such as pain and suffering or emotional distress…"

5. The approach used by the parties in the current case is consistent with Judge Saylor's approach in <u>Coleman</u> where the Court estimated lost income after considering adjustments for (i) the amount of earnings that the decedent would likely consume; (ii) the expected effect of taxes; and (iii) the present value of the income stream in estimating the lost income that would be available to the surviving family member.

6. Here, unlike <u>Coleman</u>, the decedent had no children. In this case, the decedent was unmarried. As a result, the statutory heirs of the decedent are his aging parents who reside in Central America. Admirably, the decedent did try to send some financial support to his parents before his untimely death. The best estimate of the amount the decedent sent to his parents was approximately $400 - $500 per month from his total earnings.

7. Based upon the calculations set forth in the prior pleadings and the Pre-Sentencing Report the proposed total payments to the decedent's parents include $115,000 to be paid directly through this action, plus the additional $120,000 to be paid to the decedent's family through a separate Department of Industrial Accidents case instituted by the decedent's parents. These amounts constitute a reasonable estimate of the "lost income" experienced by the decedent's parents.

John Oliveira & Sons Stamp Concrete, Inc.
By its Attorney,

Dated: June 22, 2026

John A. Markey, Jr., Esq.
Markey & Walsh
50 Homers Wharf
New Bedford, MA 02740
(508) 994-3393
BBO#: 633540
jmarkey@msmw-law.com

## *CERTIFICATE OF SERVICE*

I, John A. Markey, Jr., hereby certify that on the 22nd day of June, 2026, a true copy of the above pleading was forwarded via ECF to the following:

Kaileen Paiva
Senior Probation Officer

William F. Abely, II, Esq.
Assistant U.S. Attorney

John A. Markey, Jr., Esq.